**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Nouryon USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 26-cv-193-JFM |
| | § | |
| Aloft Media, LLC; George Street | § | |
| Partners, Todd Schmidt, and | § | |
| George Andrew Gordon, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
COMPLAINT FOR DECLARATORY JUDGMENT**

---

*Of Counsel*:

Brian Buss
Michael Benefield
Buss & Benefield, PLLC
1298 West Main Street
Greenwood, Indiana 46142
317-887-0050 (office)
1-844-637-3650 (fax)

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants*

Date: May 4, 2026

*Attorneys for Defendants Aloft Media, LLC, George Street
Partners, Todd Schmidt, and George Andrew Gordon*

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II.   SUMMARY OF ARGUMENT ............................................................................ 1

III.  STATEMENT OF FACTS ................................................................................. 3

IV.   LEGAL STANDARDS .................................................................................... 6

  A.  Failure to State a Claim under Rule 12(b)(6)............................................. 6

  B.  Personal Jurisdiction under Rule 12(b)(2). ............................................... 7

  C.  Subject Matter Jurisdiction under Rule 12(b)(1). ..................................... 8

V.    ARGUMENT ................................................................................................. 9

  A.  Defendants George Street Partners, Todd Schmidt, and George Andrew Gordon Should be Dismissed Under 12(b)(1) Because There is No Case or Controversy Between Them and Plaintiff and Under Fed. R. Civ. P. 12(b)(6)................................................... 9

  B.  The Complaint Should be Dismissed Because Under 12(b)(2) Because There is no Personal Jurisdiction Over Any Defendant – No Defendant Directed Any Contacts at Delaware, and No Defendant Has Sufficient Contacts With Delaware to Support Personal Jurisdiction. ................................................................................. 10

    1.  Delaware's Long Arm Statute Does Not Confer Personal Jurisdiction....................... 11

    2.  Defendant's Contacts Do Not Satisfy Constitutional Due Process. ........................... 12

  C.  Plaintiff Fails to Address Examiner Smarth's Knowledge of the References it Claims Were Not Disclosed and its Inequitable Conduct Allegation therefore Fails Rule 9(b)'s Heightened Pleading Standard. ................................................... 14

  D.  Plaintiff's Invalidity and Inequitable Conduct Claims Based on a Purported Failure to Claim Priority Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because They are not Legally Supportable Claims. ............................................................ 16

VI.   CONCLUSION ............................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937) ...................................................... 8

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) ....................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007).... 6,

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).................................................... 8, 13

*Daimler AG v. Bauman,* 571 U.S. 1174 (2014) ............................................................................ 13

*Droplets, Inc. v. E\*Trade Bank*, 887 F.3d 1309, 1320 (Fed. Cir. 2018) ................................. 17, 18

*Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp. 2d 606, 610 (D. Del. 2009) ...................... 9

*Exergen Corp. v. Wal-Mart Stores, Inc.* 575 F.3d 1312, 1327 (Fed. Cir. 2009) ......................... 14

*Funai Elec. Co. v. Personalized Media Communs., LLC*, 2016 U.S. Dist. LEXIS 10492, at \*4 (D. Del. Jan 29, 2016) ...................................................................................................................... 7

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987) ........... 10

*Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) .......................................... 9

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)........................................................................ 8

*Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998) ...................... 7

*Liqui-Box Corp. v. Scholle Corp.*, 2013 U.S. Dist. LEXIS 84532, at \*17 (D. Del. June 17, 2013) .................................................................................................................................................... 12

*Marquest Cardiovascular LLC v. Abiomed, Inc.*, 627 F. Supp. 3d 72, 82 (D. Mass. Sept 12, 2022) ......................................................................................................................................... 18

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018)................... 7

*Medimmune*, 549 U.S. at 127............................................................................................................ 8

*Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007)............................................................. 8

*Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1340-41 (Fed. Cir. 2007)........................................ 10

*Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 – 1384 (Fed. Cir. 1983) ......................................................................................................................................... 16

*Physician Endorsed LLC v. Clark*, 374 F. Supp. 2d 395 (D. Del. 2005)...................................... 11

*Power Integrations, Inc. v. BCD Semiconductor Corp.,* 547 F. Supp. 2d 365, 370 n.3 (D. Del. 2008) ........................................................................................................................................... 7

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011)..................................... 12

*Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.,* 541 F.Supp. 2d 645, 648 (D. Del. 2008) . 9

*SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1380-81 (Fed.Cir.2007) ................... 8

*Scripps Clinic & Research Found. V. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991)... 15

*Telectronics Pacing Sys., Inc. v. Ventritex, Inc.,* 982 F.2d 1520, 1526 (Fed. Cir. 1992) ............... 8

*Walden v. Fiore,* 134 S. Ct. 1115, 1122 (2014) ............................................................................ 13

*Washington v. Cedar Fair, L.P.,* 2023 U.S. Dist. LEXIS 16559, slip op. at \*6 (W.D.N.C. Feb. 1, 2023). ........................................................................................................................................... 6

**Statutes**

10 Del. C. § 3104(c)....................................................................................................................... 11

28 U.S.C. § 1331............................................................................................................................... 8

ii

## I.  NATURE AND STAGE OF PROCEEDINGS

On February 23, 2026, Plaintiff Nouryon USA, LLC ("Nouryon") filed its Complaint for Declaratory Judgment ("Complaint") against Defendants Aloft Media, LLC ("Aloft"), George Street Partners ("GSP"), Mr. Todd Schmidt, and Mr. G. Andrew Gordon, all of whom have no presence in or contacts with Delaware.

In its Complaint, Nouryon pleads the following four counts against U.S. Patent No. 10,372,793 ("the '793 Patent): Count I - Declaratory Judgment of Non-Infringement of the '793 Patent; Count II – Declaratory Judgment of Invalidity, Count III – Declaratory Judgment of Unenforceability Due to Inequitable Conduct; and Count IV – Declaratory Judgment of Unenforceability Due to Prosecution Laches.  Aloft is the only owner of the '793 Patent, and Plaintiff's Complaint fails to plead any cause of action against GSP, Schmidt, or Gordon.

Defendants respectfully file this Motion to Dismiss Plaintiff's Complaint in its entirety.

## II.  SUMMARY OF ARGUMENT

The Complaint should be dismissed for lack of personal jurisdiction because none of Defendants contacts were directed at Delaware.  With no contacts being directed at the forum state, personal jurisdiction is not proper under either Delaware's Long Arm Statute or any constitutional minimum contacts test.

All counts of the Complaint should also be dismissed against Defendants George Andrew Gordon, Todd Schmidt and George Street Partners because there is no subject matter jurisdiction for any claims against them.  The Complaint alleges non-infringement, invalidity and unenforceability of the '793 Patent and nothing else.  The sole owner of the '793 Patent is Aloft Media, LLC.  Plaintiff has presented no evidence that any other defendant owns any interest in the '793 Patent – indeed the Complaint makes no such allegation.  For declaratory judgment jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 to be present, there must

1

be an "actual case or controversy" between the parties.  There can be no "case or controversy" between non-owners of the '793 Patent and Plaintiff because the non-owners have no right to enforce the '793 Patent.  Thus, Defendants George Andrew Gordon, Todd Schmidt and George Street Partners should be dismissed.

The Complaint allegations set forth in Paragraphs 100 to 161 should be dismissed for failure to meet the Rule 9(b) heightened pleading standard.  These allegations claim that Aloft committed inequitable conduct by failing to disclose certain references to the patent Examiner (Examiner Smarth) during prosecution.  Each of the references at issue in Plaintiff's allegations were known by Examiner Smarth and he cited them during prosecution of patent applications related to the '793 Patent.  Nouryon fails to plead sufficient facts to infer the references are material in view of the Examiner's knowledge of them and his use of them in related prosecution (and his decision to not cite them during prosecution of the '793 Patent).  As such, these allegations should be dismissed for failure to meet the Rule 9(b) heightened pleading standard.

The Complaint allegations set forth in Paragraphs 82 – 94 and 162 – 192 should be dismissed under Rule 12(b)(6) for failure to state a claim.  These allegations claim that the '793 Patent is invalid and unenforceable for its failure to 1) claim priority to Provisional Patent Application Number 60/784,140 ("the '140 Application) and 2) because a parent application to the '793 Patent was amended to include disclosure from the '140 Application.  Neither of Nouryon's positions is legally proper.  First, the '793 Patent and the '140 Application have the same effective filing date.  This is because the '793 Patent properly claims priority to U.S. Patent Application No. 11/384,957 ("the '957 Application"), which was filed on the same day as the '140 Application.  As such, the fact that the '140 Application is not included in the '793 Patent's priority claim has no relevance.  Both applications were filed on the same day.

Additionally, the fact that Aloft added disclosure from the '140 Application to a parent application of the '793 patent during prosecution was appropriate under Patent Office rules, and is in fact a common practice. (*See* Ex. 7 at 6 (Example 2)) The '140 Application was properly incorporated by reference into each application within the '793 Patent's immediate family, and such amendment was therefore appropriate and does not invalidate the '793 Patent or render it unenforceable. (*Id.*) As such, these allegations should be dismissed for failure to state a claim under Rule 12(b)(6).

## III.    STATEMENT OF FACTS

Aloft's sole place of business is in Longview, Texas. (Gordon Dec. at ¶ 2) Aloft does not have any employees outside of Texas and does not have any employees that travel to Delaware for business purposes. (*Id.* at ¶ 5) Aloft does not own any real estate in Delaware and does not do business in Delaware. (*Id.* at ¶ 6) Gordon is Aloft's Manager. (*Id.* at ¶ 2) Gordon lives in Frisco, Texas, and has lived in Frisco, Texas, since August of 2010. (*Id.* at ¶ 4) Gordon does not own any real estate in Delaware and does travel to Delaware for work or leisure. (*Id.* at ¶ 7)

On or about January 2, 2026, Aloft sent a letter ("Letter") to Nouryon's office in Houston, Texas, to provide it with "[n]otice of [p]ossible [p]atent [i]nfringement and [o]ffer of [l]icense." (Ex. 1 at 1) In the Letter, Aloft asked Nouryon to let it know if Nouryon has "evidence or arguments" that Nouryon's "practices do not fall within any of the patent portfolio's claims," or if Nouryon believed that its "products or technology is already licensed." (*Id.*) The purpose of the Letter was to "initiate a mutually beneficial and amicable business discussion." (*Id.*) The Letter did not threaten any litigation by Aloft against Nouryon, and Aloft has never filed suit against anyone on the patent portfolio subject to the Letter to date. (Gordon Dec. at ¶ 9)[1] As noted in the

---

[1]    In fact, Aloft has not filed a patent litigation since July of 2011, and Aloft has never filed a patent litigation involving the '793 Patent or a member of its patent family. (*Id.* at ¶ 11)

3

Letter, twelve of the patents int the relevant patent family had expired by the date the Letter was sent.  (Ex. 1 at n.1)

Aloft's Letter identified Schmidt, of GSP, as Aloft's licensing agent, and said that Schmidt would be following up with Nouryon in a few days.  (Ex. 1 at 2)  By way of background, GSP was founded by Mr. Schmidt in Illinois in February of 2010.  (Schmidt Dec. at ¶ 2)  Schmidt is the President of GSP, and has worked for GSP since it was formed in 2010.  (*Id.* at ¶ 2, 4)  Since about March of 2017, GSP's principal office has been in Carmel, Indiana, where Schmidt resides.  (Schmidt Dec. at ¶ 6)  GSP does not own any real estate in Delaware, its employees do not travel to Delaware for work, and GSP does not do any business in Delaware  (*Id.* at ¶ 5)  Similarly, Mr. Schmidt does not own any real estate in Delaware and does travel to Delaware for work or leisure.  (*Id.* at ¶ 6)

After Aloft sent the Letter to Mr. Finn at Nouryon's Houston office, Schmidt sent Mr. Finn three follow up emails and made one attempt to reach Mr. Finn by phone.  (*See* Ex. 3)  The purpose of these communications was to establish a time for Schmidt to talk to Mr. Finn or his designee about the Letter.  (*See* Ex. 3)  Mr. Finn never responded to Schmidt.  *Id.*  Instead, Mr. Finn forwarded Schmidt's email to Ms. Nazish Shabbir, who then reached out to Mr. Schmidt by email.  (Ex. 4 at 3)  Ms. Shabbir is Nouryon's IP counsel, and according to her email signature block, appears to work at Nouryon's global headquarters in Radnor, Pennsylvania.  (*Id.* at 4; *see also* Exhibit 5 (indicating that Nouryon's global headquarters is in Radnor, Pennsylvania)).  After a few emails, Mr. Schmidt and Ms. Shabbir agreed to a telephone call at 2:30 PM on February 23, 2026.  (Ex. 3 at 1)

---

Aloft has never litigated a case in Delaware, and has never given an exclusive patent license to a resident of Delaware.  (*Id.* at ¶¶ 8, 9)

4

During the call, Schmidt provided Ms. Shabbir background information about Aloft, and offered to set up a call between Ms. Shabbir and Aloft's patent counsel, if she desired to speak with him about the claim chart. (Schmidt Dec. at ¶ 11) Schmidt also provided Ms. Shabbir with a licensing offer should Nouryon be interested in a license, and offered to send her a list of Aloft's licensees. (*Id.*) At 2:50 PM on February 23, 2026, Schmidt sent Ms. Shabbir a follow email that included Aloft's licensee list, and telling her he planned to follow up with her again "later next week." (Ex. 4 at 1) Within a few hours of Schmidt's call with Ms. Shabbir, Nouryon filed the 43 page Declaratory Judgement Complaint ("Complaint") giving rise to this matter. (Schmidt Dec. at ¶ 12)

Nouryon's Complaint includes Aloft, GSP, Schmidt, and Gordon as defendants, but only alleges legal causes of action against Aloft. (*See* Complaint (Dkt. No. 1) at ¶¶ 60 – 210 (asking for declaratory judgments on non-infringement, invalidity, and/or unenforceability of the '793 Patent)). This oversight is likely because Nouryon lifted its legal theories from a declaratory judgment complaint filed by Schaefer Systems International, Inc. ("SSI") against Aloft, GSP, Mr. Schmidt, and Mr. Gordon in North Carolina in January of 2023. (*See* Ex. 2 ("SSI Complaint")). In addition to the declaratory judgment counterclaims filed by Nouryon in this case, SSI also included certain North Carolina state claims (based on an anti-patent enforcement statute) against all of the Defendants in that case. Nouryon failed to plead any such corresponding state law claims in this case, presumably because Delaware does not have an anti-patent enforcement statute, yet still named Gordon, Schmidt, and GSP as defendants. Nouryon's copying of the SSI Complaint is evident. For example, it lifted most of Paragraph 14 from SSI's complaint, which is directed to supplemental jurisdiction – an issue irrelevant to the case (because no pendant state law claims are asserted). (*Compare* Ex. 2 at ¶ 14 *with* Complaint (Dkt. No. 1) at ¶ 35) Nouryon's Complaint also

asks for each Defendant to post a "bond in the amount of not less than two hundred and fifty thousand dollars ($250,000.00)." (Complaint (Dkt No. 1) at Prayer), which is not legally supported by Nouryon's Complaint, but was supported by the North Carlonia Statue at issue in the SSI case. (*See* Ex. 2 at ¶ 29)

It is not appropriate for Nouryon to file a case by simply borrowing the legal theories from another case without at least familiarizing itself with the merits and viability of those theories. Nouryon clearly has not done the investigation required of it by the Federal Rules of Civil Procedure, given that it named three parties as Defendants in this case without alleging a viable cause of action against them.

## IV.    LEGAL STANDARDS

### A.    Failure to State a Claim under Rule 12(b)(6).

"A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted." *Washington v. Cedar Fair, L.P.,* No. 3:22-CV-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, slip op. at *6 (W.D.N.C. Feb. 1, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (quotations and citation omitted).  When reviewing a dismissal motion brought under Fed. R. Civ. P. 12(b)(6), the "Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff." *Id*. (citations omitted).  To survive a motion brought under Fed. R. Civ. P 12(b)(6), however, the factual "allegations [in the complaint] must be enough to raise a right to relief above the speculative level, with the complaint having enough facts to state a claim to relief that is plausible on its face." *Id*. at *6 – 7 (quotations and citations omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action,

6

supported by mere conclusory statements are insufficient." *Id*. at *7 (quotations and citations omitted). A "complaint may survive a motion to dismiss only if it states a plausible claim for relief' that permits the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense." *Id.* (quotations and citations omitted).

### B.       Personal Jurisdiction under Rule 12(b)(2).

Rule 12(b)(2) requires the Court to dismiss a case where it lacks personal jurisdiction over a defendant. First, the Court applies the Delaware long-arm statute, "defer[ring] to the interpretations of the Delaware state courts." *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998). Next, the Court determines whether exercising jurisdiction would violate Constitutional due process, *id.*, applying Federal Circuit law, *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). "[T]he jurisdictional analysis must not be collapsed into a single constitutional inquiry." *Power Integrations, Inc. v. BCD Semiconductor Corp.,* 547 F. Supp. 2d 365, 370 n.3 (D. Del. 2008).

To satisfy its "burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over the defendant ... the plaintiff must offer facts which establish with reasonable particularity that jurisdiction exists." *Funai Elec. Co. v. Personalized Media Communs., LLC*, 2016 U.S. Dist. LEXIS 10492, at *4 (D. Del. Jan 29, 2016) (quotation omitted). Personal jurisdiction is governed by Federal Circuit law where, as here, claims arise under or significantly involve patent law. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018).

Constitutional due process only allows the exercise of personal jurisdiction when the defendant has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). This requires the defendant to have "purposefully established

7

'minimum contacts' with the forum State" such that it "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (citation omitted). If purposeful minimum contacts are established, a court considers those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Avocent*, 552 F.3d at 1331 (quoting *Burger King*, 471 U.S. at 476).

### C.   Subject Matter Jurisdiction under Rule 12(b)(1).

For declaratory judgment jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 to be present, there must be an "actual case or controversy" between the parties. *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007); *see* 28 U.S.C. § 1331. "[E]ven assuming [the existence of] an actual controversy, the exercise of

a court's jurisdiction over a declaratory judgment action is discretionary." *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.,* 982 F.2d 1520, 1526 (Fed. Cir. 1992) (citations omitted). Subject matter jurisdiction over a declaratory judgment suit requires that "the dispute be 'definite and concrete, touching the legal relations of the parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of conclusive character.'" *Medimmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937)). Some affirmative act <u>*by the patentee*</u> asserting rights under the patent based on certain identified ongoing or planned activity of the declaratory judgment plaintiff is required in order for declaratory judgment jurisdiction to arise. *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1380-81 (Fed.Cir.2007). The declaratory judgment plaintiff bears the burden of proving that jurisdiction exists. *Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.,* 541 F.Supp.2d 645, 648 (D.Del.2008) (citing *Gotha v. United States,* 115 F.3d 176, 179 (3d Cir.1997)). The absence of an overt, specific act directly targeting the declaratory judgment plaintiff is a significant hurdle to a

8

finding of jurisdiction under the Declaratory Judgment Act.  *See Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp. 2d 606, 610 (D. Del. 2009).

In reviewing a motion filed under Rule 12(b)(1), the court must first identify whether the motion presents a facial or factual challenge to the court's subject matter jurisdiction.  *See Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.,* 541 F.Supp. 2d 645, 648 (D. Del. 2008).  Where the movant presents a facial challenge, the court must accept all factual allegations in the complaint as true and may only consider the complaint and documents referenced therein or attached thereto. *Id.* (citing *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000)).  Where the movant presents a factual challenge, the court need not confine its consideration to the allegations of the complaint nor accept those allegations as true. *Mortensen v. First Fed. Sav. & Loan,* 549 F.2d 884, 891 (3d Cir.1977). Rather, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, "to resolve any factual issues bearing on jurisdiction." *Samsung,* 541 F.Supp.2d at 648 (citing *Gotha v. United States,* 115 F.3d 176, 179 (3d Cir.1997)). "[P]laintiff bears the burden of proving that [subject matter] jurisdiction exists." *Id.*

## V.   ARGUMENT

### A.   Defendants George Street Partners, Todd Schmidt, and George Andrew Gordon Should be Dismissed Under 12(b)(1) Because There is No Case or Controversy Between Them and Plaintiff and Under Fed. R. Civ. P. 12(b)(6).

Defendants GSP, Schmidt, and Gordon should be dismissed because there is no case or controversy between them and Plaintiff.  "[T]he Declaratory Judgment Act requires the existence of an actual case or controversy between the parties before a federal court can constitutionally assume jurisdiction." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987) (citation omitted).  The sole allegations in Plaintiff's Complaint are for a declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 10,372,793.

9

(Complaint (Dkt. No. 1))  The proper parties to a declaratory judgment for non-infringement, invalidity and unenforceability are the *accused infringer* and the *owner/assignee* of the patent. Only the owner/assignee of a patent has standing to sue for infringement of the patent. *See Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1340-41 (Fed. Cir. 2007).  Aloft Media is the owner of all right, title and interest in the '793 patent.  (Gordon Dec. at ¶ 10)  GSP, Schmidt, and Gordon have no ownership in the '793 patent.  (*Id.*)  Indeed, Plaintiff doesn't even allege in its Complaint that GSP, Schmidt, or Gordon own any interest in the '793 patent.  (Dkt. No. 1)  And so, there could be no actual or imminent injury to Nouryon caused by anyone except Aloft that would give the Court declaratory judgment jurisdiction over any "rights and other legal relations" that Aloft might have. 28 U.S.C. § 2201(a)  Accordingly, there can be no case or controversy between Plaintiff and GSP, Schmidt, and Gordon.

Defendants George Street Partners, Todd Schmidt and George Andrew Gordon should also be dismissed because the Complaint fails to state a claim against them.  As discussed above, the only allegations in Plaintiff's Complaint are for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 10,372,793, which only involve the owner of the patent and the accused infringer.  *See Morrow v. Microsoft Corp.,* 499 F.3d 1332, 1340-41 (Fed. Cir. 2007). Accordingly, the Complaint fails to state a cause of action against George Street Partners, Todd Schmidt and George Andrew Gordon.

**B.    The Complaint Should be Dismissed Because Under 12(b)(2) Because There is no Personal Jurisdiction Over Any Defendant – No Defendant Directed Any Contacts at Delaware, and No Defendant Has Sufficient Contacts With Delaware to Support Personal Jurisdiction.**

The Complaint against Defendants should be dismissed under Fed. R. Civ. P. 12(b)(2) because the Court does not have personal jurisdiction over Defendants.  Personal jurisdiction

10

doesn't exist under either (1) Delaware's Long Arm Statute or (2) constitutional requirements of due process.

### 1. Delaware's Long Arm Statute Does Not Confer Personal Jurisdiction.

Delaware's long-arm statute allows the Court to exercise personal jurisdiction over nonresidents that "[t]ransact[] … business or perform[] … character of work or service in the State." *See* 10 Del. C. § 3104(c).

No defendant directed any contacts at Delaware, thus there cannot be sufficient contacts with Delaware to support jurisdiction under the Delaware Long Arm Statute. No defendant communicated with anyone in Delaware when discussing licensing of the '793 patent. (Schmidt Dec. at ¶ 10-12; Gordon Dec. at ¶ 12) Further, no defendant owns any property in Delaware, travels to Delaware for business or work, or has any employees in Delaware. (Schmidt Dec. at ¶ 2, 5-7; Gordon Dec. at ¶ 2, 4-8) The case of *Physician Endorsed LLC v. Clark* is instructive on the issue of whether the Delaware Long Arm statute confers personal jurisdiction. *Physician Endorsed LLC v. Clark*, 374 F. Supp. 2d 395 (D. Del. 2005). In *Physician Endorsed*, the defendant sent a licensing letter from California to a retailer in New York, not Delaware. *Physician Endorsed LLC*, 374 F. Supp. 2d at 397. Further, the defendant in *Physician Endorsed LLC* did not transact business in Delaware. *Id.* Under these facts, the Court held that defendant was not subject to personal jurisdiction in Delaware under any section of Delaware's Long Arm Statue. *Physician Endorsed LLC*, 374 F. Supp. 2d at 397-398. The exact same is true in the instant case. Defendants communicated from Indiana and Texas to Plaintiff's employees in Texas and Pennsylvania. Thus, there are no contacts with Delaware, and under the rationale detailed in *Physician Endorsed*, Delaware's Long Arm Statue does not confer personal jurisdiction.

11

Because Delaware's Long Arm Statute does not confer personal jurisdiction, the Court need not continue with the inquiry. *See Liqui-Box Corp. v. Scholle Corp.*, 2013 U.S. Dist. LEXIS 84532, at *17 (D. Del. June 17, 2013). Even so, as discussed below, exercising personal jurisdiction over Defendants would not be consistent with the Constitutional requirements of due process.

### 2.      Defendant's Contacts Do Not Satisfy Constitutional Due Process.

No defendant directed any contacts at Delaware, thus there cannot be sufficient contacts with Delaware to support specific personal jurisdiction.  Further, no defendant resides or is considered "at home" in Delaware thus, there is no general personal jurisdiction.

The first contact Defendants had with Plaintiff was a letter sent to Mr. Michael Finn, who is located in Houston, TX. (Schmidt Dec. ¶ 9-10)  A few additional emails were sent to Mr. Finn in Nouryon's Houston, Texas office.  (Schmidt Dec. ¶ 10)  A little over a month after first being contacted, Mr. Finn referred the matter to Nazish Shabbir, who on information and belief is located in Nouryon's Radnor, Pennsylvania office.  (Schmidt Dec. ¶ 11)  After exchanging a few emails with Ms. Shabbir, Mr. Schmidt had a call with Ms. Shabbir.  (Schmidt Dec. ¶ 11)  No defendant had any other contact with Nouryon or any of its employees.  Indeed, within a few hours of the call, Plaintiff filed its 43 page Complaint.  (Schmidt Dec. ¶ 12)  In an action for declaratory judgment which "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit ... only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific jurisdiction for such an action." *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (quotations omitted).  Here, Plaintiff points to no contacts related to the enforcement of the patent that are directed at Delaware, thus there is no specific personal jurisdiction.

12

The fact that Plaintiff is incorporated in Delaware does not change the specific personal jurisdiction analysis. As the Supreme Court has made clear, it is the defendant's contacts with the state that are relevant, not the defendant's contacts with someone that resides in the state. *See Burger King Corp.,* 471 U. S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"); *see also, Walden v. Fiore,* 134 S. Ct. 1115, 1122 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.")

Further, Plaintiff has not shown that there are sufficient contacts with Delaware to confer general jurisdiction. The Supreme Court in *Daimler AG v. Bauman* established that a corporation is subject to general jurisdiction only where it is "at home"—typically the state of incorporation or its principal place of business. *Daimler AG v. Bauman,* 571 U.S. 1174 (2014). No Defendant here is "at home" in Delaware. No defendant has property in Delaware, does business in Delaware, has any employees in Delaware, or has sent any employees to Delaware for work. (Schmidt Dec. at ¶ 2, 5-7; Gordon Dec. at ¶ 2, 4-8)

Defendant Aloft Media is a Texas limited liability company having its principal place of business in Texas. (Gordon Dec. at ¶ 2) Aloft Media has no property in Delaware, has no employees in Delaware, and does not do business in Delaware. (Gordon Dec. at ¶ 5-6) Aloft does not send its employees to Delaware for work. (Id. At ¶ 5-6)

Defendant George Street Partners is an Illinois corporation having its principal place of business in Carmel, Indiana. (Schmidt Dec. at ¶ 2, 7) George Street Partners has no property in Delaware, has no employees in Delaware, and does not do business in Delaware. (Schmidt Dec.

13

at ¶ 5-6) George Street Partners does not send its employees to Delaware for work.  (Schmidt Dec. at 5-6.)

Defendant George Andrew Gordon is an individual that resides in Frisco, Texas.  (Gordon Dec. at ¶ 4)  Mr. Gordon has no property in Delaware and does not work in or travel to Delaware. (Gordon Dec. at ¶ 7)

Defendant Todd Schmidt is an individual that resides in Carmel, Indiana.  (Schmidt Dec. at ¶ 2)  Mr. Schmidt has no property in Delaware and does not work in or travel to Delaware. (Schmidt Dec. at ¶ 6)

Under the undisputed facts, there is no specific or general personal jurisdiction over any Defendant in Delaware.

**C.      Plaintiff Fails to Address Examiner Smarth's Knowledge of the References it Claims Were Not Disclosed and its Inequitable Conduct Allegation therefore Fails Rule 9(b)'s Heightened Pleading Standard.**

In paragraphs 100 to 161 of its Complaint, Nouryon claims that the '793 patent should be declared unenforceable due to inequitable conduct by Aloft, Gordon, and Caldwell during prosecution of the '793 Patent.  Inequitable conduct allegations are subject to the heightened pleading standards of Rule 9(b), which require Nouryon to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P 9(b).  Inequitable conduct requires the alleged bad actor to have "knowledge of the withheld material information" as well as the "specific intent to deceive" the Patent Office by withholding the material information.  *Exergen Corp. v. Wal-Mart Stores, Inc.* 575 F.3d 1312, 1327 (Fed. Cir. 2009) (citations omitted). "Although 'knowledge' and 'intent' may be averred generally . . . pleadings [must] allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."  *Id.* (citations omitted)

14

Specifically, Nouryon claims that Aloft, Gordon, and Caldwell failed to disclose material references ("References")[2] to Examiner Gerald A. Smarth, the patent examiner, during prosecution of the patent application ("the '044 Application) the led to the '793 Patent, as well as during prosecution of other patent applications within the '793 Patent's family.[3]

Nouryon fails to recognize, however, that each of the References was cited and/or considered by Examiner Smarth during prosecution of patent applications that are within the family of the '793 Patent.  (Gordon Dec. at ¶ 15)  And given Examiner Smarth cited and/or considered the References during prosecution of other, related patent applications, Examiner Smarth knew of the references, and showed the capacity to cite and use the References during prosecution when he felt they were material to the prosecution of the pending patent claims.  As such, there is no inequitable conduct because the facts show that Examiner Smarth did not believe the References to be material to the '793 Patent's prosecution (or the prosecution of applications within the '793 Patent family).  *See Scripps Clinic & Research Found. V. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991) ("When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it can not be deemed to have been withheld from the examiner."); *Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 – 1384 (Fed. Cir. 1983) (affirming finding of no inequitable conduct where the "district court

---

[2]    These References include U.S. Patent No. 7,913,185 ("Benson"), U.S. Patent No. 6,366,947 ("Kavner"), U.S. Patent No. 7,895,644 ("Thakur"), U.S. Patent Publication No. 2003/0187706 ("Buchmiller"), U.S. Patent Publication No. 2003/0184582 ("Cohen"), U.S. Patent Publication No. 2002/0198909 ("Huynh"), U.S. Patent Publication No. 2008/0103889 ("Solotko"), U.S. Patent Publication No. 2010/0094878 ("Soroca"), U.S. Patent Publication No. 2008/0052372 ("Weber"), U.S. Patent Publication No. 2010/0287368 ("Shuster"), and U.S. Patent Publication No. 2012/0066340 ("Armstrong").  *See* Complaint (Dkt No. 1) at ¶¶ 117, 128, 142, and 152.

[3]    These are U.S. Patent Application Serial No. 12/334/068 ("the '068 Application"), U.S. Patent Application Serial No. 14/224,002 ("the '002 Application"), and U.S. Patent Application Serial No. 16/056,487 (the '487 Application").

15

found that the examiner assigned to prosecution of the patent-in-suit independently ascertained the existence of the undisclosed prior art.").

Moreover, Nouryon fails to meet the heightened pleading standard required by Rule 9(b). Given Nouyon's omission of the Examiner's knowledge of the References, as well as the fact that he cited the references when he thought it necessary, Nouryon's allegations are defective under Rule 9(b). For example, Nouryon has not pleaded sufficient facts to infer any knowledge by Aloft, Gordon, or Caldwell of the materiality of the References to the '793 Patent prosecution since each was aware of the Examiner's knowledge of and use of the References in prosecution of related applications. Moreover, Nouryon has failed to allege sufficient facts to infer any intent to deceive by Aloft, Gordon, or Caldwell because each knew that the Examiner had the capacity to cite the References when he believed the scope of the claims under examination so required it. As such, Nouryon's inequitable conduct allegations fail under Rule 9(b) and should therefore be dismissed.

**D.      Plaintiff's Invalidity and Inequitable Conduct Claims Based on a Purported Failure to Claim Priority Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because They are not Legally Supportable Claims.**

Nouryon materially misstates the law and certain facts in order to argue that the '793 Patent is invalid, (*see* Complaint (Dkt. No. 1) at ¶¶ 82 – 94), and unenforceable for inequitable conduct. (*See Id.* at ¶¶ 162 – 192) First, Nouryon claims that the '793 Patent is invalid and/or unenforceable because it does not claim priority to Provisional Patent Application Number 60/784,140 ("the '140 Application), yet its parent '957 Application amended the specification to include incorporated information from the '140 Application into its specification and Figures. Second, Nouryon claims that the information copied into the application(s) that issued from the '957 Application which included the '140 Application's disclosure is improper and ineffective because such information is considered "essential" under 37 C.F.R. § 1.57(d), and that an application cannot incorporate

16

"essential" subject matter from a provisional application by reference. (*See* Complaint (Dkt No. 1) at 88) Each argument is legally incorrect.

First, Nouryon's priority issue is irrelevant. The '140 Application and the parent patent application (which is U.S. Patent Application No. 11/384,957 ("the '957 Application")) to the '793 Patent were filed on the same day. (Gordon Dec. at ¶ 16) As such, both have the same priority date, and there is no reason for the '793 Patent to include the '140 Application in its priority claim. Nouryon fails to sufficiently plead the legal relevance of the '793 Patent's failure to claim priority to the '140 Application. It appears that Nouryon is incorrectly relying on a holding in *Droplets, Inc. v. E*Trade Bank*, 887 F.3d 1309, 1320 (Fed. Cir. 2018), which determined that a priority claim to an earlier filed application cannot be incorporated by reference in a patent application. *Id.* ("Droplets cannot invoke incorporation by reference to rewrite the priority claim statement" in the patent at issue). This is inapplicable here, however, because the '140 Application and the '793 Patent have the same effective filing date,[4] and therefore the same priority date.

Second, Nouryon's incorporation by reference argument is also legally incorrect. At the filing of the '957 Application, it incorporated the '140 Application by reference. (Gordon Dec at ¶ 16) At this point in time, the '140 Application was considered non-essential material and its was therefore properly incorporated by reference under 37 C.F.R. § 1.57(e) (permitting "non-essential" subject matter to be incorporated by reference from "concurrently filed commonly owned U.S. applications.") During prosecution of a child of the '957 Application, the pending claims required disclosure from the '140 Application to provide proper support under 35 U.S.C. § 112. At this point in time, Aloft amended the specification of the pending application to include disclosure

---

[4]     The '793 Patent's priority claim to the filing date of the '957 Application is proper. As such, the '793 Patent is afforded the filing date of the '957 Application, which is the same as the filing date of the '140 Application.

17

(text and Figures) from the '140 Application.  This was carried into the pending patent application because it became "essential" to support the pending claims.

Aloft's actions in this regard – amending a pending specification to include what was non-essential material from an incorporated patent application when such material became essential to support the pending claims – is permitted under the Patent Office rules.  This is outlined in Section 608.01(p) of Manual of Patent Examining Procedure ("MPEP"), an annotated version of which is attached hereto as Exhibit 6.  "The MPEP [] explains that claim amendments during prosecution can transform nonessential material into essential material . . . ."  *Droplets*, 887 F.3d at 1324.  When this happens, the Applicant can "fil[e] an amendment . . . to add the subject matter disclosed in the [incorporated reference] into the specification . . . ."  (Ex. 7 at 6; *see also Marquest Cardiovascular LLC v. Abiomed, Inc.*, 627 F. Supp. 3d 72, 82 (D. Mass. Sept 12, 2022) ("Material that was nonessential and incorporated by reference in a preceding patent can later be called upon to serve as essential material for claims made in a later patent without compromising the continuity of disclosure.")

As discussed in the example set forth in MPEP § 608.01(p), it is the Examiner's duty to review the specification for any issues that may trigger the need to incorporate nonessential subject matter into the specification.  (Ex. 7 at 6)  When such a rejection is made, the Applicant is permitted to amend the specification to include any needed nonessential subject matter included in a patent application that was incorporated by reference.  Here, Aloft made such amendment on its own initiative, and did not wait for the Examiner to raise an issue.  Such pre-emptive action by Aloft, however, does not make the amendments any less effective or proper.

18

Nouryon's allegations of invalidity and unenforceability stemming from its priority allegations and essential subject matter allegations are legally impermissible and should be dismissed for failure to state a claim under Rule 12(b)(6).

## VI.   CONCLUSION

Based on the foregoing, Defendants Aloft Media, LLC, George Street Partners, Todd Schmidt, and George Andrew Gordon respectfully ask this Court to grant the relief requested in this Motion.

Date: May 4, 2026                                           Respectfully submitted,


*Of Counsel*:                                              /s/ *Brian E. Farnan*

Brian Buss                                                Brian E. Farnan (Bar No. 4089)
Michael Benefield                                         Michael J. Farnan (Bar No. 5165)
Buss & Benefield, PLLC                                    FARNAN LLP
1298 West Main Street                                     919 N. Market Street, 12th Floor
Greenwood, Indiana 46142                                  Wilmington, DE 19801
317-887-0050 (office)                                     (302) 777-0300
1-844-637-3650 (fax)                                      bfarnan@farnanlaw.com
                                                          mfarnan@farnanlaw.com

                                                          *Attorneys for Defendants*

19