**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Nouryon USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:26-CV-00193-JFM |
| | § | |
| Aloft Media, LLC; George Street | § | |
| Partners, Todd Schmidt, and | § | |
| George Andrew Gordon, | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF G. ANDREW GORDON IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

I, G. Andrew Gordon, declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would competently do so under oath regarding the subject matter set forth herein.

2.      I am the Manager of Aloft Media, LLC ("Aloft"), which has its principal office in Longview, Texas.  Aloft was formed as a Texas limited liability company in July of 2007.  Aloft's sole place of business is in Longview, Texas.

3.      I am making this declaration on behalf of myself and on behalf of Aloft.

4.      I have lived in Frisco, Texas since August 2010 and have worked in both Frisco and Longview, Texas since the same.

5.      Aloft does not have any employees outside of Texas.  Aloft does not have any employees that travel to Delaware for business.

6.      Aloft does not do business in Delaware and does not own any real estate in Delaware.  Aloft's employees do not travel to Delaware for work.

Page 1 of 3

7.      I do not conduct personal business in Delaware, do not own any real estate in Delaware, and do not travel to Delaware for work or leisure.

8.      Aloft has never litigated in Delaware.

9.      Aloft has never given an exclusive patent license to a resident of Delaware.

10.     Aloft is the only owner of U.S. Patent No. 10,372,793 ("the '793 Patent").  A true and correct copy of the assignment for the '793 Patent is attached as Exhibit 6 to Defendants' Motion to Dismiss ("Motion").

11.     To date, Aloft has not filed a patent infringement lawsuit since 2011 and has never filed a lawsuit involving the '793 Patent or a patent related to the '793 Patent.

12.     On or about January 2, 2026, Aloft sent a letter to Mr. Michael Finn, a Nouryon employee, at Nouryon's office in Houston, Texas.  A true and correct copy of this letter is attached as Exhibit 1 to the Defendants' Motion to Dismiss ("Motion").  This letter is incorrectly dated as January 2, 2025.  This letter was actually sent around January 2, 2026.

13.     Exhibit 2 to the Motion is a true and correct copy of Schaefer Systems International, Inc's First Amended Declaratory Judgement Complaint against Aloft Media, LLC, George Street Partners, Todd Schmidt, and George Andrew Gordon, which was filed in the United States District Court for the Western District of North Carolina – Charlotte Division.

14.     Exhibit 5 to the Motion is a true and correct copy of a Nouryon webpage showing its locations in the United States.  As shown on Page 3, Nouryon's Global Headquarters is located in Radnor, Pennsylvania, and it has no locations in the State of Delaware.  *See* Exhibit 5 at 2 – 3.

15.     I am familiar with the patent prosecution of the patent applications within the family of U.S. Patent No. 10,372,793 ("the '793 Patent").  Each of the References (defined below)[1] were

---

[1]      These References include U.S. Patent No. 7,913,185 ("Benson"), U.S. Patent No. 6,366,947 ("Kavner"), U.S. Patent No. 7,895,644 ("Thakur"), U.S. Patent Publication No. 2003/0187706 ("Buchmiller"), U.S. Patent Publication No. 2003/0184582 ("Cohen"), U.S. Patent

cited and/or considered by patent Examiner Gerald A. Smarth during patent prosecution of a family member of the '793 Patent.

16.     Provisional Patent Application Number 60/784,140 ("the '140 Application) was filed on the same day as U.S. Patent Application No. 11/384,957 ("the '957 Application"). The '957 Application incorporated the '140 Application by reference as of its filing. The '793 Patent issued from U.S. Patent Application No. 16/243,044 ("the '044 Application"). The '044 Application was a child application of the '957 Application, and all intervening applications were continuation applications of the '957 Application. The '044 Application likewise incorporated the '140 Application by reference.

17.     Exhibit 7 is a true and correct copy of Section 608.01(p) from the Manual of Patent Examining Procedure that has been highlighted in places.

18.     I have not had any discussions or communications with Nouryon or its agents about the '793 Patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 4th day of May 2026.

_____
G. Andrew Gordon

---

Publication No. 2002/0198909 ("Huynh"), U.S. Patent Publication No. 2008/0103889 ("Solotko"), U.S. Patent Publication No. 2010/0094878 ("Soroca"), U.S. Patent Publication No. 2008/0052372 ("Weber"), U.S. Patent Publication No. 2010/0287368 ("Shuster"), and U.S. Patent Publication No. 2012/0066340 ("Armstrong"). *See* Complaint (Dkt No. 1) at ¶¶ 117, 128, 142, and 152