**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Nouryon USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:26-CV-00193-JFM |
| | § | |
| Aloft Media, LLC; George Street | § | |
| Partners, Todd Schmidt, and | § | |
| George Andrew Gordon, | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF TODD SCHMIDT IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

I, Todd Schmidt, declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would competently do so under oath regarding the subject matter set forth herein.

2.      I am the President of George Street Partners ("GSP"), which has its principal office in Carmel, Indiana, where I live and work.  I founded GSP in the State of Illinois in February of 2010.

3.      I am making this declaration on behalf of myself and on behalf of GSP as its President.

4.      I have continuously worked for GSP since it was formed in early 2010, and am therefore knowledgeable about its operation since its formation.

5.      GSP does not do business in Delaware and does not own any property in Delaware. GSP's employees do not travel to Delaware for work.

6.      I do not do business in Delaware, do not own real estate in Delaware, and do not travel to Delaware for work or leisure.

7.      Since about March of 2017, GSP's principal office has been in Carmel, Indiana, where I reside.

8.      GSP provides consulting services regarding the licensing of intellectual property and business development.  Aloft Media, LLC ("Aloft") retained GSP to act as its licensing representative.  This representation included licensing communications with Nouryon USA LLC ("Nouryon").

9.      Prior to January 2, 2026, Aloft provided me with a letter that included a claim chart illustrating possible infringement by Nouryon.  A true and correct copy of this letter is attached as Exhibit 1 to the Defendants' Motion to Dismiss ("Motion").  This letter is incorrectly dated as January 2, 2025.  This letter was actually sent around January 2, 2026.  This letter was sent to Mr. Michael Finn at Nouryon's office in Houston, Texas.

10.      On January 9 and 27, 2026, I emailed Mr. Finn asking to set up a call to discuss Aloft's letter.  After trying Mr. Finn by phone at his Houston office, I sent another follow-up email to him on February 10, 2026.  A true and correct copy of these emails (excluding attachments) are attached as Exhibit 3 to the Motion.

11.      On February 17, 2026, I received an email from Ms. Nazish Shabbir regarding Aloft's letter.  According to her email signature block, Ms. Shabbir is IP Counsel for Nouryon and offices in Radnor, Pennsylvania.  After exchanging a few scheduling emails (true and correct copies of which are attached (excluding attachments) as Exhibit 4 to the Motion), I had a call with Ms. Shabbir at 2:30 PM on February 23, 2026.  During this call, I provided background information about Aloft, offered to set up a call between Ms. Shabbir and Aloft's patent counsel, if she desired

to speak with him about the claim chart, provided a licensing offer should they be interested in a license, and offered to send her a list of Aloft's licensees (which I sent after the call).

12.     Within a few hours of my call with Ms. Shabbir on February 23, 2026, Nouryon filed its 43-page Complaint at issue in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 4th day of May 2026.

_____
Todd Schmidt